JS6

1   JOHN M. MCCOY III, Cal. Bar No. 166244
    Email:  Mccoyj@sec.gov
2   FINOLA MANVELIAN, Cal. Bar No. 180681
    Email:  Manvelianf@sec.gov
3   MARSHALL S. SPRUNG, Cal. Bar No. 188253
    Email: Sprungm@sec.gov
4   JESSICA R. PUATHASNANON, Cal. Bar No. 208074
    Email: Puathasnanonj@sec.gov
5
6   Attorneys for Plaintiff
    Securities and Exchange Commission
    Rosalind R. Tyson, Regional Director
7   Michele Wein Layne, Associate Regional Director
    5670 Wilshire Boulevard, 11th Floor
8   Los Angeles, California 90036-3648
    Telephone:  (323) 965-3998
9   Facsimile:   (323) 965-3908



FILED
CLERK, U.S. DISTRICT COURT

MAY 1 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

10

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13



CV09-3430 R (CTx)

14

15   SECURITIES AND EXCHANGE        Case No.
     COMMISSION,
16

17                Plaintiff,        [PROPOSED] FINAL JUDGMENT
          vs.                       AS TO DEFENDANT GARY A. RAY
18

19   GARY A. RAY,

20
                     Defendant.
21



22

23

24

25

26

27

28

LODGED

1    The Securities and Exchange Commission (the "Commission") having filed
2  a Complaint and Defendant Gary A. Ray ("Ray") having entered a general
3  appearance; consented to the Court's jurisdiction over Ray and the subject matter
4  of this action; consented to entry of this Final Judgment without admitting or
5  denying the allegations of the Complaint (except as to jurisdiction); waived
6  findings of fact and conclusions of law; and waived any right to appeal from this
7  Final Judgment:

**I.**

9    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ray and
10  his agents, servants, employees, attorneys, and all persons in active concert or
11  participation with them who receive actual notice of this Final Judgment by
12  personal service or otherwise are permanently restrained and enjoined from
13  violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of
14  1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated
15  thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of
16  interstate commerce, or of the mails, or of any facility of any national securities
17  exchange, in connection with the purchase or sale of any security:

18    (a)    to employ any device, scheme, or artifice to defraud;
19    (b)    to make any untrue statement of a material fact or to omit to state a
20          material fact necessary in order to make the statements made, in the
21          light of the circumstances under which they were made, not
22          misleading; or
23    (c)    to engage in any act, practice, or course of business which operates or
24          would operate as a fraud or deceit upon any person.

**II.**

26    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and
27  his agents, servants, employees, attorneys, and all persons in active concert or
28  participation with them who receive actual notice of this Final Judgment by

-2-

1  personal service or otherwise are permanently restrained and enjoined from aiding
2  and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C.
3  § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 and
4  240.13a-13, by knowingly providing substantial assistance to an issuer which has a
5  class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C.
6  § 78*l*, that files quarterly and annual reports with the Commission on Forms 10-Q
7  and Forms 10-K that fail to contain material information necessary to make the
8  required statements in the Forms 10-Q and Forms 10-K, in light of the
9  circumstances under which they are made, not misleading.

10                                          **III.**

11        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and
12  his agents, servants, employees, attorneys, and all persons in active concert or
13  participation with them who receive actual notice of this Final Judgment by
14  personal service or otherwise are permanently restrained and enjoined from aiding
15  and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C.
16  § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer which
17  has a class of securities registered pursuant to Section 12 of the Exchange Act, 15
18  U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the
19  Exchange Act, 15 U.S.C. § 78*o*(d), in failing to make and keep books, records, and
20  accounts, which, in reasonable detail, accurately and fairly reflect the transactions
21  and disposition of the assets of the issuer.

22                                          **IV.**

23        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and
24  his agents, servants, employees, attorneys, and all persons in active concert or
25  participation with them who receive actual notice of this Final Judgment by
26  personal service or otherwise are permanently restrained and enjoined from aiding
27  and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C.
28  § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer which

1    has a class of securities registered pursuant to Section 12 of the Exchange Act, 15

2    U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the

3    Exchange Act, 15 U.S.C. § 78*o*(d), in failing to devise and maintain a system of

4    internal accounting controls sufficient to provide reasonable assurances that

5    (i) transactions are executed in accordance with management's general or specific

6    authorization; (ii) transactions are recorded as necessary (a) to permit preparation

7    of financial statements in conformity with generally accepted accounting principles

8    or any other criteria applicable to such statements, and (b) to maintain

9    accountability for assets; (iii) access to assets is permitted only in accordance with

10   management's general or specific authorization; and (iv) the recorded

11   accountability for assets is compared with the existing assets at reasonable

12   intervals and appropriate action is taken with respect to any differences.

### V.

14       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ray and

15   his agents, servants, employees, attorneys, and all persons in active concert or

16   participation with them who receive actual notice of this Final Judgment by

17   personal service or otherwise are permanently restrained and enjoined from

18   knowingly circumventing or knowingly failing to implement a system of internal

19   accounting controls, or by knowingly falsifying any book, record or account

20   required to be kept by an issuer, in violation of Section 13(b)(5) of the Exchange

21   Act, 15 U.S.C. § 78m(b)(5).

### VI.

23       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and

24   his agents, servants, employees, attorneys, and all persons in active concert or

25   participation with them who receive actual notice of this Final Judgment by

26   personal service or otherwise are permanently restrained and enjoined from

27   violating Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1, by, directly or

28

1  indirectly, falsifying or causing to be falsified, any book, record or account subject
2  to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

3  **VII.**

4      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and
5  his agents, servants, employees, attorneys, and all persons in active concert or
6  participation with them who receive actual notice of this Final Judgment by
7  personal service or otherwise are permanently restrained and enjoined from
8  violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C. §
9  78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using
10 the mails or by any means or instrumentality of interstate commerce or of any
11 facility of a national securities exchange to solicit by means of any proxy
12 statement, form of proxy, notice of meeting or other communication, written or
13 oral, containing any statement which, at the time and in the light of the
14 circumstances under which it is made, is false or misleading with respect to any
15 material fact, or which omits to state any material fact necessary in order to make
16 the statements therein not false or misleading or necessary to correct any statement
17 in any earlier communications with respect to the solicitation of a proxy for the
18 same meeting or subject matter which has become false or misleading.

19 **VIII.**

20     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray and
21 his agents, servants, employees, attorneys, and all persons in active concert or
22 participation with them who receive actual notice of this Final Judgment by
23 personal service or otherwise are permanently restrained and enjoined from
24 violating Section 16(a) of the Exchange Act, 15 U.S.C. § 78p(a), and Rule 16a-3
25 thereunder, 17 C.F.R. § 240.16a-3, by failing to timely file required statements
26 with the Commission regarding changes in beneficial ownership of an issuer's
27 stock.
28 ///

-5-

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray is liable for disgorgement of $483,100, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $57,551.58, for a total of $540,651.58 (the "Disgorgement Amount"). Ray shall be deemed to have disgorged the Disgorgement Amount on February 26, 2009, the date on which he sent a payment of $1,000,000 to KB Home, Inc. in connection with the December 9, 2008 Stipulation of Settlement for all shareholder and derivative lawsuits arising from or relating to the granting of stock options at KB Home between 1999 and 2005.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Ray shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Ray shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary A. Ray as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of the cover letter and money order or check shall be sent to Finola H. Manvelian, Assistant Regional Director, Los Angeles Regional Office, United States Securities and Exchange Commission, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. Ray shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

1

**XI.**

2    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

3  to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Ray is prohibited,

4  for 5 years following the date of entry of this Final Judgment, from acting as an

5  officer or director of any issuer that has a class of securities registered pursuant to

6  Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports

7  pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d).

8  ///

9

**XII.**

10    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

11  Consent is incorporated herein with the same force and effect as if fully set forth

12  herein, and that Ray shall comply with all of the undertakings and agreements set

13  forth therein.

14

**XII.**

15    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

16  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

17  of this Final Judgment.

18

19

20  Dated: **May 18, 2009**

21    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28